**IN RE: AUTOZONE, INC., WAGE
AND HOUR EMPLOYMENT
PRACTICES LITIGATION.**

**MDL No. 2159.**

United States Judicial Panel on
Multidistrict Litigation.

June 15, 2010.

Before JOHN G. HEYBURN II,
Chairman, ROBERT L. MILLER, JR.,
KATHRYN H. VRATIL, DAVID R.
HANSEN, W. ROYAL FURGESON, JR.,
FRANK C. DAMRELL, JR., and
BARBARA S. JONES, Judges of the
Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendant
AutoZone, Inc. (AutoZone) has moved,
pursuant to 28 U.S.C. § 1407, for coordi-
nated or consolidated pretrial proceedings
of this litigation in the Northern District of
California. No other party has responded
to the motion. This litigation currently
consists of four actions listed on Schedule
A and pending in two districts, two actions
each in the Central District of California
and the Northern District of California.

These actions share factual ques-
tions arising out of allegations that Auto-

Zone consistently violates wage and hour laws by failing to (1) provide meal and rest breaks, (2) compensate employees for all hours worked, (3) provide full and timely payment of wages upon termination of employment, (4) provide complete and accurate wage statements, and/or (5) reimburse employees for the purchase of uniform clothing. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. These wage and hour cases often present us with a close question of whether the judicial and attorney efficiencies created are sufficient to justify centralization. Here, on the basis of the papers filed and hearing session held, we find that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

■ We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. The first-filed action began there in December of 2006, and centralization in that district could facilitate the sharing of relevant discovery that was produced in an earlier-filed action that is not a part of this motion.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

**MDL No. 2159—IN RE: AUTOZONE, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

*Central District of California*

   *Bruce Paul Maynard v. AutoZone, Inc.,* C.A. No. 2:09–7209

   *William Doland v. AutoZone, Inc.,* C.A. No. 8:09–1138

*Northern District of California*

   *Jimmy Ellison v. AutoZone, Inc.,* C.A. No. 3:06–7522

   *Silvia Escobar v. AutoZone, Inc.,* C.A. No. 3:09–5415